UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DIANA ROSE MAYNE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, DIANA ROSE MAYNE, is a citizen and resident of Canada.

2. Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a foreign entity with its principal place of business in Miami, Florida.

3. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on diversity of citizenship 28 USC § 1332; 28 USC § 1441. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

  f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Margi Gras*.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CARNIVAL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime laws of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the *Carnival Mardi Gras* ("the vessel").

9. On or about January 24, 2022, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

10. On or about January 24, 2022, Plaintiff was severely injured when she fell on a wet and unreasonably slippery and/or dangerously uneven hazardous flooring surface while attempting to exit the hot tub on the Serenity Deck.

11. The wet and unreasonably slick, slippery and/or uneven nature of the hazardous flooring surface was not open and obvious, and the Plaintiff had no way of knowing the existence of the hazardous conditions.

- 3 -

12. As a result of the subject incident, Plaintiff sustained bodily injuries, including but not a head injury, requiring medical disembarkation from the vessel.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

15. On or about January 24, 2022, the Plaintiff was in the hot tub of Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about January 24, 2022, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn the Plaintiff of the unreasonably wet and/or slippery condition of the subject area;

   b. Failure to warn the Plaintiff of the or uneven nature of the hazardous flooring in the subject area;

   c. Failure to warn the Plaintiff that the subject area surface becomes unreasonably slippery, slick and/or hazardous when wet;

   d. Failure to warn the Plaintiff of the tendency for pooling water in the area causing the area surface becomes unreasonably slippery, slick and/or hazardous when wet;

- 4 -

e. Failure to instruct passengers and the Plaintiff concerning footwear in the subject area so as to warn them of risks and/or dangers associated with the unreasonably slippery and/or slick flooring surface, pooling water and/or hazardous flooring condition;

f. Failure to place a caution/warning sign in the subject area so as to warn passengers like Plaintiff of the risks and/or dangers associated with the unreasonably slippery and/or slick flooring surface and/or hazardous flooring condition of the subject area;

g. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick and/or hazardous co-efficient of friction considering the wet and/or slippery condition of the flooring surface;

h. Failure to warn the Plaintiff of the risks and/or dangers associated with the flooring surface and/or hazardous condition in the subject area when wet;

i. Failure to warn the Plaintiff of the risks and/or dangers associated with the flooring surface and/or hazardous condition in the subject area;

j. Failure to warn that the subject area lacked sufficient slip resistant, non-skid mats and/or materials to allow passengers, like Plaintiff, to have a reasonably safe means of exiting the hot tub area;

k. Failure to adequately warn passengers, including Plaintiff, of the dangers posed by not having adequate handrails and/or non-slip flooring material, in the subject area so that passengers can see hazardous conditions and safely traverse the subject area;

l. Failure to block and/or barricade the subject area so as to warn passengers, like Plaintiff, of the risks and/or dangers associated with the unreasonably slippery and/or slick flooring surface and/or hazardous flooring condition of the subject area; and/or

m. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously

- 4 -
LIPCON, MARGULIES & WINKLEMAN, P.A.

occurring in same area, same deck and/or same flooring surface.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet and/or slippery floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick and/or dangerous and lacked sufficient handrails and warnings.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving falls in and near hot tub(s) and/or falls on similar flooring where the injured passenger alleged the floor was unreasonably slippery and/or slick when wet. *See, Cruz v. Carnival Corp.*, No. 06-20929 (S.D. Fla. 2006) (fall exiting jacuzzi pool); *Finnegan v. Carnival Corp.*, No. 09-21114 (S.D. Fla. 2009) (slip and fall on same and/or similar API flooring surface); *Galarza v. Carnival Corp.,* No. 15-24380 (S.D. Fla. 2016) (slip and fall on same and/or similar exterior stairs with same and/or similar API flooring surface); *Harrell v. Carnival Corp.*, No. 19-22667 (S.D. Fla. 2019) (fall on stairs near jacuzzi); *Williams v. Carnival Corp.*, No. 18-21654 (S.D. Fla. 2020) (slip and fall on same and/or similar API flooring surface); *Brady v. Carnival Corp.*, No. 21-10772 (S.D. Fla. 2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Holley v. Carnival Corp.*, No. 20-20495 (S.D. Fla.

2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Britt v. Carnival Corp.*, 2021 WL 6138848 (S.D. Fla. Dec. 29, 2021) (slip and fall on same and/or similar step and API flooring surface)[1]. Notice is further established by a 2012 Safety committee meeting report and testimony of Defendant's Director of Occupational Safety admitting that Defendant was concerned about "watery stairs" which were "prone to danger" as a result of guests exiting jacuzzies. Based on the foregoing, the Defendant knew that there was reasonable tendency for the subject area to become wet and unreasonably slippery and slick, creating a known risk.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with

---

[1] The foregoing identified cases are just a few of the many examples of substantially similar prior incidents which evidence the Defendant was on notice of the dangerous condition.

reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to maintain the subject common area around the hot tub in a reasonably safe condition.

23. On or about January 24, 2022, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition;

   b. Failure to maintain the subject area so that there was no pooling of water;

   c. Failure to adequately and regularly monitor the walkway area so as to maintain it in a clean and dry condition without pooling of water;

   d. Failure to adequately and regularly inspect the subject common area around the hot tub, including, but not limited to, the exit walkway from the hot tub area to determine whether it was unreasonably wet, slippery and/or there was pooling water;

   e. Failure to maintain the surface of the subject area where Plaintiff fell in a reasonably safe condition in light of the flooring surface and anticipated use around the hot tub;

   f. Failure to follow the manufacturer of the subject flooring surface instructions for cleaning and/or maintaining the surface;

   g. Failure to maintain the flooring surface in a reasonably safe condition if/when the subject area floor became wet or too slippery, including, but not limited to, closing off the subject area that was dangerously slippery and/or placing signage to warn passengers of hazardous areas; and/or

   h. Failure to maintain the anti-slip material on the subject area given the subject area's flooring surface.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely

- 7 -
LIPCON, MARGULIES & WINKLEMAN, P.A.

injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, the surface of the subject area was unreasonably wet, slippery and dangerous.

26. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving hot tubs and/or on similar flooring. *See, Cruz v. Carnival Corp.*, No. 06-20929 (S.D. Fla. 2006) (fall exiting jacuzzi pool); *Finnegan v. Carnival Corp.*, No. 09-21114 (S.D. Fla. 2009) (slip and fall on same and/or similar API flooring surface); *Galarza v. Carnival Corp.*, No. 15-24380 (S.D. Fla. 2016) (slip and fall on same and/or similar exterior stairs with same and/or similar API flooring surface); *Harrell v. Carnival Corp.*, No. 19-22667 (S.D. Fla. 2019) (fall on stairs near jacuzzi); *Williams v. Carnival Corp.*, No. 18-21654 (S.D. Fla. 2020) (slip and fall on same and/or similar API flooring surface); *Brady v. Carnival Corp.*, No. 21-10772 (S.D. Fla. 2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Holley v. Carnival Corp.*, No. 20-20495 (S.D. Fla. 2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Britt v. Carnival Corp.*, 2021 WL 6138848 (S.D. Fla. Dec. 29, 2021) (slip and fall on same and/or similar step and API flooring surface)[2]. Notice is further established by a 2012 Safety committee meeting report and testimony

---

[2] The foregoing identified cases are just a few of the many examples of substantially similar prior incidents which evidence the Defendant was on notice of the dangerous condition.

of Defendant's Director of Occupational Safety admitting that Defendant was concerned about "watery stairs" which were "prone to danger" as a result of guests exiting jacuzzies. Based on the foregoing, the Defendant knew that there was reasonable tendency for the subject area to become wet and unreasonably slippery and slick, creating a known risk.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. On or about January 24, 2022, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

a. Failure to maintain the subject area in a clean and dry condition without pooling water;

b. Failure to adequately and regularly inspect the subject area for wet and/or unreasonably slippery, slick and/or hazardous conditions;

c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and/or unreasonably slippery, slick and/or hazardous conditions;

d. Failure to regularly and adequately clean the subject area;

e. Failure to close off and/or place warning signs on or around the wet and/or unreasonably slippery, slick and/or hazardous conditions;

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet and unreasonably slippery, slick and/or hazardous conditions;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet and/or unreasonably slippery, slick and/or hazardous conditions and such areas are closed off;

h. Failure to analyze prior fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

i. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface;

j. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area;

k. Failure to retrofit flooring surface in light of the anticipated traffic and anticipated purpose of the area;

l. Failure to test and/or adequately evaluate flooring surface in light of the anticipated

traffic and anticipated purpose of the area;

m. Failure to have a non-slip or non-skid flooring surface on the subject area;

n. Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on or around the subject area;

o. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers and Plaintiff;

p. Negligently designing, selecting and/or approving the flooring surface, and/or

q. Failure to instruct passengers and the Plaintiff concerning proper footwear when walking on the subject flooring surface and/or the subject area.

30. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

31. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving hot tubs and/or on similar flooring. *See, Cruz v. Carnival Corp.*, No. 06-20929 (S.D. Fla. 2006) (fall exiting jacuzzi pool); *Finnegan v. Carnival Corp.*, No. 09-21114 (S.D. Fla. 2009) (slip and fall on same and/or similar API flooring surface); *Galarza v. Carnival Corp.,* No. 15-24380 (S.D. Fla. 2016) (slip and fall on same and/or similar exterior stairs with same and/or similar API flooring surface); *Harrell v. Carnival Corp.*, No. 19-22667 (S.D. Fla. 2019) (fall on stairs near jacuzzi); *Williams v. Carnival*

*Corp.*, No. 18-21654 (S.D. Fla. 2020) (slip and fall on same and/or similar API flooring surface); *Brady v. Carnival Corp.*, No. 21-10772 (S.D. Fla. 2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Holley v. Carnival Corp.*, No. 20-20495 (S.D. Fla. 2021) (slip and fall on same and/or similar API flooring surface on lido deck); *Britt v. Carnival Corp.*, 2021 WL 6138848 (S.D. Fla. Dec. 29, 2021) (slip and fall on same and/or similar step and API flooring surface)[3]. Notice is further established by a 2012 Safety committee meeting report and testimony of Defendant's Director of Occupational Safety admitting that Defendant was concerned about "watery stairs" which were "prone to danger" as a result of guests exiting jacuzzies. Based on the foregoing, the Defendant knew that there was reasonable tendency for the subject area to become wet and unreasonably slippery and slick, creating a known risk.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

---

[3] The foregoing identified cases are just a few of the many examples of substantially similar prior incidents which evidence the Defendant was on notice of the dangerous condition.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: August 17, 2022

> Respectfully submitted,
>
> LIPCON, MARGULIES,
> & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By: */s/ Carol Finklehoffe*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **CAROL L. FINKLEHOFFE**
> Florida Bar No. 0015903
> cfinklehoffe@lipcon.com